# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
JOHNNY RAY CHANDLER, SR.,      )
)
           Plaintiff,      )
)
        v.          )          Civil Action No. 16-2166 (BAH)
)
FEDERAL BUREAU OF PRISONS, *et al.*, )
)
          Defendants.     )
_____ )

## MEMORANDUM OPINION

This matter is before the Court on the defendants' Motion to Dismiss, ECF No. 5. For the reasons discussed below, the motion will be granted.

## I. BACKGROUND

At all times relevant to the complaint, the plaintiff was in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at the Administrative Maximum United States Penitentiary in Florence, Colorado. Defs.' Mem. of P. & A. in Support of Mot. to Dismiss ("Defs.' Mem."), Decl. of Patrick Kissell ("Kissell Decl.") ¶ 2. On June 9, 2016, the plaintiff "attempted to mail a civil claim" to the Superior Court of the District of Columbia. Compl. at 2. Notwithstanding the plaintiff's indigence, his counselor, defendant M. Wyche, refused to affix the necessary postage for mailing the document to the Superior Court. *Id.* The plaintiff considered this action a violation of his "First Amendment right to access . . . the court." *Id.* at 1. For this alleged abuse of process, the plaintiff has demanded judgment in the sum of $175,000 from both defendant Wyche and the BOP. *Id.*

The BOP's Administrative Remedy Program is the means by which inmates may "seek formal review of any aspect of their confinement." Kissell Decl. ¶ 4. It "is typically a four-tiered review process comprised of an informal resolution process and then formal requests to the Warden, the Regional Director, and the Office of the General Counsel." *Id.* ; *see id.* ¶ 5. The "process is not complete until the Office of General Counsel replies, on the merits, to the inmate's [request]." *Id.* ¶ 5 (citing 28 C.F.R. § 542.18). The BOP's declarant states that, of the 26 formal administrative remedy requests submitted by the plaintiff between June 9, 2016 and December 20, 2016, *id.* ¶ 7, two advanced to the Office of General Counsel, *id.* ¶ 8. Neither "relate[s] to the claims alleged in this litigation," however. *Id.* ¶ 9. The declarant avers that the "[p]laintiff did not exhaust his remedies as related to complaints against the defendants raised in the present case through BOP's Administrative Remedy Program." *Id.* ¶ 10.

On June 21, 2016, the plaintiff "submitted a 'Federal Tort Claim' with BOP . . . alleging that BOP had failed to provide postage for a civil complaint on June 9, 2016." *Id.* ¶ 11; *see generally* Defs.' Mem., Ex. 1 (Claim for Damage, Injury, or Death). BOP acknowledged receipt of the tort claim and on July 18, 2016, notified the plaintiff "that it would investigate the claim under the procedures for Federal Tort Claim Act complaints." *Id.* ¶ 12. The plaintiff withdrew his claim on July 21, 2016, *id.* ¶ 13, because the matter had been resolved, *see* Defs.' Mem., Ex. 1 (Memorandum dated July 21, 2016). Thereafter, the BOP closed the claim. Defs.' Mem., Ex. 1 (Letter to the plaintiff from Richard W. Schott, Regional Counsel, dated July 26, 2016).

## II. DISCUSSION

The plaintiff filed his complaint in the Superior Court of the District of Columbia on July 25, 2016, and the defendants removed the action on October 28, 2016. *See* Notice of Removal, ECF No. 1. Accompanying their notice was a statement which certifies that "Mr. M. Wyche was

acting within the scope of his employment as an employee of the United States at the time of the

. . . incidents" alleged in the Complaint.  Certification, ECF No. 1-2.  The defendants filed a

motion to dismiss or for summary judgment on January 6, 2017.

On January 9, 2017, the Court issued an Order advising the plaintiff of his obligations

under the Federal Rules of Civil Procedure and the local civil rules of this Court.  *See Neal v.

Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir.

1988).  Specifically, the Court notified the plaintiff that, if he failed to file an opposition or other

response to the defendants' motion by February 17, 2017, the Court would treat the pending

dispositive motion as conceded.  *See* D.D.C. Local Civil Rule 7(b) (permitting court to "treat . . .

as conceded" a motion not met with a timely opposing memorandum of points and authorities).

To date, the plaintiff has not filed an opposition to the pending motion, or requested more time to

file an opposition.[1]

Under these circumstances, the Court ordinarily would grant the defendants' motion as

conceded.  The United States Court of Appeals for the District of Columbia Circuit recently has

raised concerns, however, about the application of Local Civil Rule 7(b) to grant an unopposed

motion to dismiss.  *See Cohen v. Bd. of Trs. of the Univ. of the District of Columbia*, 819 F.3d

476, 482 (D.C. Cir. 2016).  In light of this ruling, the Court briefly addresses the merits of the

defendants' arguments for dismissal on the ground that the plaintiff has not exhausted his

administrative remedies.[2]

---

[1]  The plaintiff did file a motion on February 9, 2017 to hold this motion in abeyance for 30 days ending the return
of legal papers and other materials confiscated from his cell on or about January 10, 2017.  *See generally* Pl.'s Mot.
for Abeyance, ECF No. 7.  He has not filed an opposition or any other document since.  The motion will be denied.

[2]  For purposes of this Memorandum Opinion, the Court presumes without deciding that the complaint adequately
alleges an abuse of process claim and that venue in this district is proper.

A.  Federal Tort Claims Act

The plaintiff's demand for monetary damages arises from action taken by Mr. Wyche within the scope of his federal employment.   The Court treats the plaintiff's claim as one under the Federal Tort Claims Act ("FTCA") against the United States directly.  *See* 28 U.S.C. § 2679(b)(1), (d)(1).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress expressly has waived the defense of sovereign immunity by statute.  *See id*.  The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims.  *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962).  Limitations under and exceptions to the FTCA doom the plaintiff's claims.  Relevant to this case is the exhaustion requirement:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim *within six months after it is filed* shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).  "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and a claimant's "fail[ure] to heed that clear statutory command" warrants dismissal of his claim.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Here, the defendants contend that the plaintiff failed to exhaust his administrative remedies because he filed his complaint in the Superior Court prematurely.  He

"was required to wait until his administrative remedy was denied or six months had passed without action before filing suit."  Defs.' Mem. at 6.  The plaintiff filed his action in the Superior Court on July 25, 2016, or 34 days later, long before the six-month limitations period expired.

B.  Prison Litigation Reform Act

The plaintiff faces a different set of exhaustion requirements if the Court were to "to conclude that [the plaintiff's] claims should be governed by the administrative processes required under the Prison Litigation Reform Act ('PLRA')."  Defs.' Mem. at 10.

In relevant part, the Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences."  *Porter v. Nussle*, 534 U.S. 516, 520 (2002); *see Jones v. Bock*, 549 U.S. 199, 211 (2007).  Exhaustion under the PLRA requires proper exhaustion, meaning that a prisoner must comply with procedural rules, including filing deadlines, as a precondition to filing a civil suit in federal court, regardless of the relief offered through the administrative process.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted the prison's administrative remedies.  *See Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001).  Exhaustion under the PLRA is an affirmative defense, *Jones*, 549 U.S. at 216, which "the defendants have the burden of pleading and proving."  *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (quoting *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (internal quotation marks omitted)).

The defendants demonstrate that neither of the administrative remedy requests filed between June 9, 2016 and December 20, 2016 which made their way to the Office of General Counsel pertains to the alleged abuse of process arising from the defendants' failure to provide postage for mailing a document to the Superior Court. Thus, the defendants demonstrate that the plaintiff failed to exhaust his administrative remedies under the FTCA by filing his complaint too soon, and failed to exhaust under the PLRA by filing no administrative remedy request at all.

## III. CONCLUSION

The Court concludes that the plaintiff failed to exhaust his administrative remedies under the FTCA and the PLRA. For this reason, the Court will grant defendants' motion in its entirety. An Order consistent with this Memorandum Opinion is issued contemporaneously.


DATE: April 17, 2017            /s/ *Beryl A. Howell*

                               BERYL A. HOWELL
                               Chief Judge